IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 17-0006-WS |
| | ) |
| ANTHONY O'BRIEN BARLOW, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The defendant has filed a motion for compassionate release under Section 3582(c)(1)(A)(i). (Doc. 62). His grounds are the COVID-19 pandemic.

A defendant may move for release for "extraordinary and compelling reasons" ("compassionate release"), "after [he] has fully exhausted all administrative rights to appeal a failure by the Bureau of Prisons ["BOP"] to bring a motion on [his] behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C § 3582(c)(1)(A). The defendant states he has written the warden, but he does not state either that his writing concerned compassionate release or that at least 30 days have passed since then. The defendant states he has been denied compassionate release by his case manager, but he does not state that he has fully exhausted his administrative rights to appeal that denial.

Even were the procedural requirements of Section 3582(c)(1)(A) satisfied or excused on appropriate legal grounds, this Court ruled last year that the only grounds for relief under that provision are those identified by the United States Sentencing Commission and BOP. *United States v. Lynn*, 2019 WL 3805349 at *2-4 (S.D. Ala. 2019). None of those grounds encompass fear of contracting COVID-19.

Even were the Court free to craft additional extraordinary and compelling reasons, it would not find such a reason in this case. According to the defendant, he is unusually susceptible to COVID-19 because he is asthmatic and has hypertension. Should the defendant contract COVID-19, these conditions may render him unusually likely to

experience a serious case, but there is no indication that he is at heightened risk of contracting the virus to begin with.  The defendant is housed at Montgomery FPC, a minimum security prison camp at which, according to the Bureau of Prisons website, no inmate has tested positive for COVID-19.  While two staff have tested positive, there is no suggestion that they remain on campus in a contagious condition.  Moreover, all visitation at the facility has been terminated.  Under these circumstances, the Court is unable to conclude that the defendant's residence at Montgomery FPC constitutes a "death sentence."  (Doc. 62 at 2).

For the reasons set forth above, the defendant's motion for compassionate release is **denied**, without prejudice to his ability to seek such relief should circumstances on the ground deteriorate.

DONE and ORDERED this 3rd day of June, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE